■ JOHN R. SINCOCK, Respondent, v. ALFRED BOEHME et al., Appellants.—Appeal by defendants from a judgment of the Supreme Court, Chemung County in favor of plaintiff, entered upon the verdict of a jury, and from an order of said court which denied defendants' motion to set aside the verdict and to vacate the judgment for alleged irregularities. Plaintiff has recovered in a negligence action for personal injuries sustained when the car operated by him, while crossing the fourth lane of a divided highway to enter a driveway off the easterly side of the highway, was in collision with defendants' automobile, then proceeding northerly in the most easterly lane. There was testimony by a disinterested witness that plaintiff, proceeding south, turned to the left into the cross-over in the mall which divided the highway and stopped; that as the car started to pull out of the cross-over the witness could see the top of defendants' car over the crest of a hill 400 to 500 feet away; that as plaintiff's car was leaving the cross-over all of defendants' car became visible and continued in the most easterly lane, without changing its course or slackening its speed of from 60 to 65 miles per hour, to a collision with plaintiff's car. It could be found that the collision occurred partly off the easterly edge of the pavement. From their calculations based on plaintiff's estimates of times and distances, appellants infer a state of facts less favorable to plaintiff than the testimony of the witness which we have quoted and contend that plaintiff's contributory negligence is apparent. The issue was purely factual, however, and upon this record we are unable to say that the jury's determination was contrary to the weight of the evidence.

The alleged irregularities on account of which defendants sought a mistrial and subsequently to vacate the judgment consisted in conversations had in the courthouse by plaintiff's attorney with two of the jurors. It appears quite clearly that the brief and casual conversations followed chance encounters and that in neither case did the attorney recognize the juror at the outset of the conversation. The trial court considered the proof, including depositions taken by defendants' counsel from the jurors concerned, and found no impropriety or prejudice. Incidents such as these, however innocuous, are to be regretted and should be guarded against as susceptible of misinterpretation and as sometimes creative of doubts in the minds of others. In this record, however, we find no basis for disturbing the trial court's considered determination. (See *Werner* v. *Interurban St. Ry. Co.*, 99 App. Div. 592, 595; *Weissman* v. *M. & M. Transp. Co.*, 191 Misc. 968.) Judgment and order affirmed, with costs to respondent. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.